IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL SERGIO BARRON, 1503489,<br>Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-1788-D |
| | ) | |
| RICK THALER, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

## I.  Procedural Background

Petitioner challenges his conviction for aggravated assault with a deadly weapon.  *State of*

*Texas v. Manuel Sergio Barron*, No. F-0727863-Y (Crim. Dist. Ct. No. 7, Dallas County, Tex.,

May 7, 2008).  Petitioner was sentenced to eighteen years in prison.  On April 6, 2010, the Fifth

District Court of Appeals affirmed the conviction and sentence.  *Barron v. State*, No. 05-08-

00637-CR (Tex. App. – Dallas, Apr. 6, 2010, pet. ref'd).  On September 15, 2010, the Court of

Criminal Appeals refused Petitioner's  petition for discretionary review.  PDR No. 822-10.

On November 29, 2010, Petitioner filed a state petition for writ of habeas corpus.  *Ex*

*parte Barron*, Application No. 75,981-01.  On June 29, 2011, the Court of Appeals denied the

petition without written order on the findings of the trial court.

Findings, Conclusions and Recommendation
of the United States Magistrate Judge          Page -1-

On July 22, 2011, Petitioner filed this federal petition.  He argues:

(1)      the trial court violated his right to testify and present a self-defense claim; and

(2)      the trial court violated his right to an impartial judge.

On October 12, 2011, Respondent filed his answer.  On November 7, 2011, Petitioner

filed a reply.  The Court now finds the petition should be denied.

## II.  Factual Background

The following factual background is taken from the opinion of the Fifth District Court of

Appeals.

On June 17, 2007 complainant Benjamin Robledo went to visit his sister in an apartment complex in Farmers Branch.  While visiting, complainant's seven-year old niece, Jennifer Sanchez asked him to take her to a nearby park.  When they walked outside, complainant saw appellant and another passenger driving up in appellant's truck. Appellant called complainant "piporo," which means "like a small animal" in Spanish. Appellant used to call complainant by that name when they were growing up in Mexico. Appellant again yelled, "f—ing piporo, get over here!"

Complainant told appellant his family would never be friends with him and told appellant to leave.  Appellant said, "that's all I want to hear."  Appellant then shot complainant once in the side without any provocation or threat.  Complainant spent two weeks in the hospital recovering from his injuries.

Jennifer Sanchez and Juan Carlos Barron Sanchez witnessed the shooting.  They both testified complainant did not threaten appellant in any way.  Juan further testified appellant appeared upset when he drove to the apartment and approached complainant. He said appellant repeatedly asked complainant to get a beer with him, but complainant refused.  Juan admitted there was a history of violence between the two families, and he did not like appellant because of previous problems in Mexico.

Luis Robledo Martinez testified he knew appellant from Mexico, but had not seen him in twenty years until he ran into him on June 17, 2007.  At that time, Luis was leaving the apartment complex when appellant drove up and said hello.  He said appellant's demeanor seemed "good," but appellant told him he was going to hurt someone.  Appellant never said who he was going to hurt, but after Luis heard about the shooting, he determined the threat was toward complainant.

The jury also heard testimony that June 17, 2007 was not the first alleged incident

between appellant and complainant.  About a month before the shooting, complainant testified he talked to appellant at the apartment complex.  He asked appellant why he was following him around, and complainant thought appellant was looking to fight.  Complainant told appellant not to believe any gossip, and he was not going to do anything to hurt appellant.  Appellant told complainant if he intended to hurt him, he better kill him.  Otherwise, appellant would come after him.

Complainant also testified about another incident that occurred four months before the shooting in which appellant drove by and gave him a "bad look" and then quickly left.  Although complainant admitted he followed appellant, complainant never threatened or physically engaged appellant.

A jury convicted appellant of aggravated assault with a firearm and sentenced him to eighteen years' confinement and a $10,000 fine. . . .

*Barron v. State*, No. 05-08-00637-CR at 1-2.

**III.  Discussion**

**1.      Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

(d)      An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v.*

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

*Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2.      Self-Defense Claim**

Petitioner argues the trial court violated his due process rights by denying him a jury instruction on self-defense and by preventing him from testifying. To the extent that Petitioner argues he was entitled to a jury instruction on self-defense, his claim fails. Petitioner did not testify at trial. He has pointed to no evidence admitted at trial that would support a self-defense instruction. *See* Tex. Penal Code 2.03(c) ("The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.") His claim should therefore be denied.

Petitioner has also failed to show that the court prevented him from testifying. The record shows the court informed Petitioner that he had the right to testify. (Trial Tr. Vol. 6 at 205.) The court then also stated:

> At the moment, it is the Court's judgment that the self-defense instruction is not appropriate. It might become appropriate if you testified that you fired a weapon in self-defense, or the Court otherwise thought that it might be appropriate.

> However, I'll tell you now that no matter what you testify to, because of the fact that you came to what ultimately ended up in being a confrontation while unlawfully in possession of a firearm, either because you're an illegal alien under 9.22(g)(5) or because it was UCW in violation of Section 46.02, it doesn't appear to the Court at this time that I would give that instruction.

(*Id.*)

Petitioner argues that the court's statement prevented him from testifying. The court's

statement that it believed Texas law excluded Petitioner from being eligible for a self-defense instruction, however, did not prevent Petitioner from testifying.  He was free to testify and then re-urge his request for a self-defense instruction.  Petitioner's claim that the trial court prevented him from testifying should be denied.

**3.     Impartial Judge**

Petitioner argues he was denied due process because the trial judge was not impartial. Petitioner states the judge was not impartial because he ruled against Petitioner in this case.

Under the Due Process Clause, a criminal defendant is guaranteed the right to a fair and impartial tribunal.  *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997).  To establish a due process violation, a petitioner must show that a genuine question exists regarding the judge's impartiality. *Bigby v. Dretke*, 402 F.3d 551, 559 (5th Cir. 2005*)* (citing *Liteky v. United States*, 510 U.S. 540, 552 (1994)).  Further, courts ordinarily "presume that public officials have properly discharged their official duties."  *Bracy*, 520 U.S. at 909 (internal quotation marks and citations omitted). Therefore, "bias by an adjudicator is not lightly established."  *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1052 (5th Cir. 1997).

The Supreme Court has found that decision makers are constitutionally unacceptable when: (1) the decision maker has a direct personal, substantial, and pecuniary interest in the outcome of the case; (2) an adjudicator has been the target of personal abuse or criticism from the party before him; and (3) a judicial or quasi judicial decision maker has the dual role of investigating and adjudicating disputes and complaints.  *Bigby*, 402 F.3d at 559 (citations omitted).

In this case Petitioner states the judge was not impartial because the judge ruled against

him.  Petitioner's claim fails to establish the trial judge was not impartial and that Petitioner's

due process rights were violated.  His claim should be denied.

**4.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a

constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is

not contrary to or does not involve an unreasonable application of clearly established federal law

and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

Signed this  *18*  day of  *March*, 2013.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).